## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:14-cv-02377-CMA

GARY SULLIVAN,

Plaintiff,

v.

EXPERIAN INFORMATION SOLUTIONS, INC., TRANS UNION LLC, EQUIFAX INFORMATION SERVICES, LLC, CHRYSLER FINANCIAL SERVICES AMERICAS LLC, AND TD AUTO FINANCE LLC,

Defendants.

---

## STIPULATED ORDER PROTECTING CONFIDENTIAL INFORMATION

---

Pursuant to Federal Rule of Civil Procedure 26(c), this Order shall govern the handling of documents, depositions, deposition exhibits, responses to any discovery requests (including responses to interrogatories, requests for production of documents and requests for admission), inspections, examinations of premises, facilities and physical evidence, and any other information produced, obtained by, given to or exchanged by or between the parties to this case ("Discovery Materials").

### RECITALS

A.      Some of the information the parties may seek, exchange or develop through discovery in this case may contain or consist of information that the party producing or developing the information will claim is a trade secret or other confidential research, development or commercial information and therefore entitled to protection under Federal Rule of Civil Procedure 26(c)(1)(G).

1

B.     Nothing in this Order is intended, nor shall it be construed, as either a waiver of any dispute as to whether, or an admission that, any documents or information are or contain either a trade secret or confidential research, development or commercial information.

C.     Likewise, nothing contained in this Order is intended, nor shall it be construed, as a waiver of any legal privilege or work product protection to which a party may be entitled.

## DEFINITIONS

For purposes of this Order, the following definitions shall apply:

**"Discovery Material"** means all documents, depositions, deposition exhibits, responses to any discovery requests (including responses to interrogatories, document requests and requests for admission), inspections, examinations of premises, facilities and physical evidence, witness interviews, and any other information produced pursuant to the Federal Rules of Civil Procedure or otherwise given or exchanged by or between the parties and/or persons or entities that are not parties to this action.

**"Confidential Discovery Material"** means Discovery Material designated as "Confidential" under the terms of this Order.

**"Producing Party"** means any party or non-party to this action producing Discovery Material.

**"Designating Party"** means any Producing Party or other party to this action who wishes to designate or has designated Discovery Material as Confidential Discovery Material.

2

## TERMS

### Confidential Discovery Material.

1.      Any Producing Party or Designating Party may designate any Discovery Material as "Confidential" under the terms of this Order.  Notwithstanding anything contained in this Order, the burden shall be and remain on the Producing Party or Designating Party to demonstrate, when and if challenged, that any such designated Discovery Material contains a trade secret or other confidential research, development or commercial information, including, but not limited to, proprietary information or documents reflecting proprietary information, the release of which would burden and oppress a party, such that it requires the protections for which this Order provides.

2.      The parties shall use Confidential Discovery Material, and any information derived from it, solely for the purposes of this case.  They shall not use it for any other purpose, including, without limitation, any business or commercial purpose, or in connection with any other proceeding or litigation.

### Designation Procedures.

3.      Any Producing Party or Designating Party may designate Discovery Material as "Confidential" for purposes of this Order in the following manner:

> (a)      In the case of documents or other materials (apart from interviews, depositions or pretrial testimony), by stamping each and every page of the same with the legend "Confidential."

> (b)      In the case of depositions or other pretrial testimony, by counsel's statement on the record, at the time of such disclosure, that the testimony

3

is "Confidential."  Or, in the alternative, a Producing Party or Designating Party may also designate testimony by written notice from its counsel to the court reporter and counsel of record for all parties in this action, specifying by page and line number the material to be classified.  To be effective, any such written notice must be sent within thirty (30) days of the date on which the reporter mails a copy of the transcript to counsel for the Producing Party or Designating Party, or, if that counsel has not ordered a transcript, within thirty (30) days of the date on which the reporter notifies counsel that the original transcript is available for review. In either event, counsel shall direct the court reporter and/or counsel to affix the confidentiality stamp to any portion of the original transcript, and to that portion of all copies of the transcript, containing Confidential information and those portions of the transcript so designated shall be Confidential Discovery Material.  (If and to the extent the transcript includes copies of documents previously designated as Confidential, the Designating Party need not make any other or further designation as to those documents.)

During the 30-day designation period to which the preceding paragraph refers, the parties will treat all of the deposition testimony and attached materials (at least to the extent the parties have not previously agreed this information is not "Confidential") as Confidential absent some other agreement of the parties.

(c)      In the case of any other production of Discovery Materials not otherwise covered by this Order, a written statement made by counsel for the Designating Party to counsel for the other parties to this case, that such Discovery Material or any portion thereof is "Confidential."

(d)      The parties to this Order may modify the procedures set forth in Paragraphs 3(b) through the agreement of counsel on the record at such deposition without further order.

4.      The parties agree that any such designations shall be reasonably limited both in subject matter and in time, and, where reasonably possible, shall be tailored to allow the maximum unfettered use of the particular material.

**Disclosure of Confidential Material.**

5.      Discovery Material designated as "Confidential" may be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part only to the following persons:

(a)      The Court in accord with the terms and conditions of this Order, persons the Court employs, and stenographers and/or court reporters transcribing the testimony or argument at a hearing, trial or deposition in this case or any appeal taken in this case;

(b)      Any named party, any counsel to that party who have entered an appearance in this case, in-house counsel, legal, clerical, paralegal and secretarial staff employed or retained by outside or in-house counsel, and

5

third parties those counsel or their staff have retained to provide litigation

support services, including, for example, outside copying services;

(c)     Experts or consultants the parties or counsel have retained in

connection with this case, provided: (i) the parties disclose Confidential

Discovery Material to any expert or consultant retained by counsel in

connection with this action only for the purpose of enabling the expert or

consultant to prepare a written opinion, to prepare to testify at trial,

hearings or depositions in this case, or to otherwise assist counsel in the

prosecution or defense of this case; and (ii) before receiving any such

material, the consultant or expert signs an Undertaking in the form

attached to this Order as Exhibit A, thereby agreeing in writing to be

bound by the terms and conditions of this Order, consenting to the

jurisdiction of the United States District Court for the District of Colorado,

for purposes of enforcement of the terms of this Order, and agreeing not

to disclose or use such Confidential Discovery Material for purposes other

than those permitted under this Order;

(d)     Deposition witnesses questioned by counsel of record in this case,

but only to the extent reasonably necessary to assist counsel in the

prosecution or defense of this case, and provided:  (i) each such witness

signs an Undertaking in the form attached as Exhibit A and agrees to be

bound by the terms of this Order; or (ii) if the witness refuses to sign an

Undertaking, and the witness' refusal is noted on the deposition record,

6

counsel provides the witness with a copy of this Order, informs the

witness and the witness acknowledges that the information to be

communicated is Confidential, subject to the Confidentiality Order in this

action, may be used only in connection with that deposition and may not

be communicated to any other person, and that any misuse of the

Confidential Discovery Material will violate the Court's Order and may be

punishable as contempt;

(e)      An author or recipient of the Confidential Discovery Material to be

disclosed, summarized, described, characterized or otherwise

communicated or made available, and which author or recipient is not

currently an employee of a party, but only to the extent reasonably

necessary to assist counsel in the prosecution or defense of this case,

and provided that such author or recipient signs an Undertaking in the

form attached as Exhibit A and thereby agrees to be bound by the terms

of this Order; and

(f)      Mediators, arbitrators, or similar outside parties and their staffs that

all of the parties enlist to assist in the resolution of this matter.

**Designation Disputes.**

6.      A party shall be obligated to challenge the propriety of a designation of

any Discovery Material as "Confidential" within sixty (60) days of the date on which the

Producing Party or Designating Party makes that designation.  If a party does not assert

its challenge within that sixty (60) day period, then the party's failure to do so shall

7

preclude a subsequent challenge to the designation, which failure shall be excused only on that party's showing of excusable neglect under Federal Rule of Civil Procedure 60(b)(1).

7.      If any party timely objects to the designation of any Discovery Material as "Confidential," the parties shall attempt to resolve the dispute in good faith on an informal basis.  To properly object to a "Confidential" designation, a party must provide a written identification of the specific information to which the designation is objected and a detailed explanation for why the objecting party believes the designation is improper.  If no such written identification is made, then the objection shall not be considered effective and the information will remain "Confidential."  If a written identification is made, then the Producing Party or the Designating Party will have fourteen (14) days to provide a response.  The objecting party then must provide a written response within seven (7) days or the information will remain "Confidential."  If the parties are unable to resolve the dispute informally, the Producing Party or Designating Party may move for relief pursuant to this Order with respect to the *and MJ Mix's discovery procedures* challenged Discovery Material.

*KLM*

8.      In any proceeding to release Confidential Discovery Material from its designation, if the objecting party identifies with specificity the documents and provisions thereof which it asserts should not be designated "Confidential" and states why such documents and provisions thereof should not be designated as "Confidential," the burden shall be upon the Producing Party or Designating Party to establish the appropriateness of the classification under Federal Rule of Civil Procedure 26(c)(1)(G).

8

A dispute concerning confidentiality shall not otherwise impede the progress of discovery.

9.       If any party timely objects to the designation of any Discovery Material as "Confidential," the Discovery Material at issue shall continue to be treated as if it was designated "Confidential" under the terms of this Order unless and until the Court rules on the motion and directs some other treatment.

10.       In the event a party wishes to submit to the Court Confidential Discovery Material such that those materials would, absent this Order, otherwise be made part of the public record, the party submitting the materials shall submit the pertinent portions of any such pleadings referring to or disclosing the substance of any Confidential information—as well as the Confidential Discovery Materials themselves—only by complying with the requirements of D.COLO.LCivR 7.2 regarding electronic filing of documents as to which a party moves to restrict access.

11.       In the event that any Confidential Discovery Material is used in any Court proceeding in this action, counsel shall confer in good faith on such procedures as are necessary to protect the confidentiality of any such material used in the course of any Court proceedings, including, but not limited to, requesting the Court to hear counsel with respect to such information in camera.  No party that has received Confidential Discovery Material shall offer Confidential Discovery Material into evidence, or otherwise tender it to the Court in any court proceeding, without first advising the Court and the Producing Party or Designating Party of its intent to do so.  At that point, the Producing Party or Designating Party may seek such protection from the Court as it

9

deems appropriate, including the exclusion of persons and witnesses from the Court

and the sealing of the pertinent parts of the Court records.  The use of Confidential

Discovery Material in any Court proceeding shall not prejudice in any way the rights of

any person to petition the Court for such further protective measures *pursuant to MJ Mix's discovery procedures* as may be

necessary and appropriate to protect the confidentiality of such material.

14. [*sic*] 12.   In the event that any Confidential Discovery Material is used in any appeal

from this action, counsel shall confer in good faith on those procedures necessary to

protect the confidentiality of any such material used in the course of any appellate

proceedings.

### Other Use of Confidential Discovery Material.

13.   No copies of Confidential Discovery  Material shall be made except by or

on behalf of the persons listed in subsections (a), (b), (c) and (f) of Paragraph 5 of this

Order.  To the extent such authorized persons require copies of Confidential Discovery

Materials, any such copies shall be made and used solely for the purposes of this case

and in accordance with the provisions of this Order.

14.   The use of Confidential Discovery Material in this case shall not prejudice

in any way the rights of any person to petition the Court for such further protective

measures as may be necessary to protect the confidentiality of those materials.

15.   The provisions of this Order shall, absent written permission of the

Producing Party or Designating Party or further order of the Court, continue to be

binding throughout and after the termination of this case, including, without limitation,

any appeals.  Within sixty (60) days after receiving notice of the entry of an order,

judgment or decree finally disposing of all litigation in which Confidential Discovery

Material was disclosed, all persons having received Confidential Discovery Material

shall either return those materials and all copies thereof (including summaries and

excerpts) to the Producing Party or Designating Party (or its counsel), or destroy all

Confidential Discovery  Material and certify in writing to the Producing Party or

Designating Party (or its counsel) that the required destruction has occurred.

Notwithstanding the preceding provisions, counsel for the parties shall be entitled to

retain litigation papers, deposition and trial transcripts, and attorney work product that

contain Confidential Discovery Material or references thereto; provided, however, that

counsel, and employees of counsel, shall not disclose to any person nor use for any

purpose unrelated to this case any such litigation papers or attorney work produce

except pursuant to further order of this Court or agreement with the Producing Party or

Designating Party.

       16.    If any person receiving and in the possession, custody or control of

Confidential Discovery Material is served with a subpoena, demand, or any other legal

process seeking the production or other disclosure of Confidential Discovery Material by

any person or entity not a party to this case (or not the Producing Party or Designating

Party with respect to the Confidential Discovery Material sought), the receiving party

shall give prompt written notice to the Producing Party or Designating Party, by hand

delivery or facsimile transmission, within forty-eight (48) hours of its receipt of the

subpoena, demand or legal process.  The Producing Party or Designating Party shall

be solely responsible for seeking any relief or protection from any subpoena, demand

11

or legal process seeking Confidential Discovery Material, and shall also be solely responsible for any costs and attorneys' fees he, she or it incurs in any proceedings relating to any such subpoena, demand or legal process.

17.     In the event additional parties join or are joined in this case, or additional or different counsel enter an appearance, they shall not be given access to Confidential Discovery Material until the newly joined party, by its counsel, or the newly appearing counsel, as the case may be, has executed the Undertaking attached as Exhibit A and provided a copy of the same to all other counsel in this case.

18.     Neither this Order, the production or receipt of Confidential Discovery Material under this Order, nor otherwise complying with the terms of this Order, shall:

(a)     Prejudice in any way the rights of the parties to object on grounds of privilege, relevance, or otherwise to the production of documents or other information they consider not subject to discovery; operate as an admission by any party that the restrictions and procedures set forth in this Order constitute adequate protection for any particular information deemed by any party to be Confidential Discovery material; or control the determination of any motion a party may bring pursuant to Rules 26 or 37 of the Federal Rules of Civil Procedure;

(b)     Prejudice in any way the rights of any party to object to the authenticity or admissibility into evidence of any document (or portion thereof), testimony or other evidence subject to this Order;

12

(c)    Prejudice in any way the rights of a party to petition the Court for a further protective order relating to any confidential information the Producing Party or Designating Party asserts it requires or should be subject to other or further protection;

(d)    Prevent the parties to this Order from agreeing in writing, with the consent of the Producing Party or Designating Party, to alter or waive the provisions or protections provided for in this Order with respect to any particular Confidential Discovery Material; or

(e)    Prejudice in any way the rights of a party to contest the designation of any Discovery Material as "Confidential."

19.    Nothing in this Order shall prevent any party to this case from using, for any purpose and in any manner, Confidential Discovery Material that party produced and designated as Confidential Discovery Material in connection with this case.

20.    Nothing in this Order shall preclude any party from filing a motion seeking further or different protection from the Court under the Federal Rules of Civil Procedure, or from filing a motion with respect to the manner in which Confidential Discovery Material shall be treated at the trial. *If any such "motion" involves discovery, it shall be made pursuant to MJ Mix's discovery procedures.*

*KLM*

DMEAST #19887792 v1

Stipulated and agreed to by the Parties this 12th day of November, 2014.


_/s/ Matthew R. Osborne_
Matthew R. Osborne
MATTHEW R. OSBORNE, P.C.
10465 Melody Drive, Suite 325
Northglenn, CO 802231
303.759.7018
matt@mrosbornelawpc.com

**_Counsel for Plaintiff_**


_/s/ Brian J. Olson_
Brian J. Olson
KING & SPALDING
1180 Peachtree Street, N.E.
Atlanta, GA 30309
404.572.4600
bjolson@kslaw.com

**_Counsel for Defendant Equifax_**


_/s/ Brianne M. Jackson_
Brianne M. Jackson
JONES DAY
3161 Michelson Drive, Suite 800
Irvine, CA 92612
949.851.3939
bjackson@jonesday.com

**_Counsel for Defendant Experian_**


_/s/ Ginny E. Webb_
Ginny E. Webb
STRASBURGER & PRICE, LLP
2801 Network Boulevard, Suite 7600
Frisco, TX 75034
469.287.3907
ginny.webb@strasburger.com

**_Counsel for Defendant Trans Union_**


_/s/ Gregory P. Szewczyk_
David M. Stauss
Gregory P. Szewczyk
BALLARD SPAHR LLP
1225 17th Street, Suite 2300
Denver, CO 80202
303.292.2400
staussd@ballardspahr.com
szewczykg@ballardspahr.com

**_Counsel for Defendants TDAF and
Chrysler_**

SO ORDERED this _12th_ day of _November_, 2014.

BY THE COURT:


_____

14

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:14-cv-02377-CMA

GARY SULLIVAN,

Plaintiff,

v.

EXPERIAN INFORMATION SOLUTIONS, INC., TRANS UNION LLC, EQUIFAX INFORMATION SERVICES, LLC, CHRYSLER FINANCIAL SERVICES AMERICAS LLC, AND TD AUTO FINANCE LLC,

Defendants.

---

## UNDERTAKING PURSUANT TO ORDER GOVERNING THE PRODUCTION AND EXCHANGE OF CONFIDENTIAL MATERIAL

---

1.      I have read the foregoing Order dated _____, 2014, that

governs the treatment of Confidential Discovery material in the action captioned above

(the "Litigation").

2.      I have been informed that materials being shown or provided to me

contain information that has been designated as Confidential Discovery Material, as

defined in the Order.

3.      I hereby represent that I have not divulged, and will not divulge, or

undertake to divulge, any Confidential Discovery Material except as authorized in the

Order.  I further represent that I will not use any Confidential Discovery Material for any

purpose other than the Litigation, and that, at the termination of the Litigation, I will

15

return all Confidential Discovery Material with which I have been provided to the counsel from whom I received such Discovery Material.

4.     If I am in possession, custody or control of Confidential Discovery Material and am served with a subpoena, demand or any other legal process seeking any portion of such Confidential Discovery Material by a person not a party to this action, I shall give prompt written notice, by hand or facsimile transmission within forty-eight (48) hours of receipt of such subpoena, demand or legal process, to the Producing Party or Designating Party, as defined in the Order, and shall, unless otherwise ordered by a Court, decline to produce the Discovery Material on the basis of the existence of this Order.

5.     I hereby agree to abide by the terms of the Order.

6.     For the purposes of enforcing the terms of the Order only, I hereby submit to the jurisdiction of the United States District Court for the District of Colorado.

DATED:

Printed Name: _____

Signature:        _____

DMEAST #19887792 v1