IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02377-CMA-KLM

GARY SULLIVAN,

      Plaintiff,

v.

EQUIFAX INFORMATION SERVICES LLC,
CHRYSLER FINANCIAL SERVICES AMERICAS LLC, and
TD AUTO FINANCE, LLC,

      Defendants.

_____

# ORDER
_____

## ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX

This matter is before the Court on Plaintiff's **Motion to Amend Complaint** [#49][1]

(the "Motion"). Defendants Chrysler Financial Services LLC ("Chrysler") and TD Auto

Finance, LLC ("TD")[2] filed a Response [#54] and Plaintiff filed a Reply [#55] in further

support of the Motion. Pursuant to 28 U.S.C. § 636 (b)(1) and D.C.COLO.LCivR 72.1(c)

the Motion has been referred to the undersigned for disposition [#50].[3] The Court has

_____

[1] "[#49]" is an example of the convention I use to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). I use this convention throughout this Order.

[2] In the Response, these Defendants noted that Chrysler Financial Services Americas LLC is the former name of Defendant TD. *Response* [#54] at 1. However, Defendant Chrysler has not been dismissed from this action and the caption has not been otherwise modified to eliminate this Defendant. As a result, the Court treats these Defendants as two entities.

[3] A magistrate judge may issue orders on nondispositive motions only. *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1461, 1462-63 (10th Cir. 1988). Whether motions to amend are dispositive is an unsettled issue. *Chavez v. Hatterman*, No. 06-02525-WYD-MEH, 2009 WL 82496, at *1 (D. Colo. Jan. 13, 2009) (collecting cases). When an order denying a motion to amend

reviewed the Motion, the Response, the Reply, the entire docket, and the applicable law, and is sufficiently advised in the premises.  For the reasons set forth below, the Motion [#49] is **GRANTED**.

## I.  Background

Plaintiff filed this civil action in state court on August 6, 2014.  *Complaint* [#3] at 11. On August 27, 2014, Defendant Equifax Information Services LLC ("Equifax") removed the action to this Court.  *See generally Notice of Removal* [#1].  Certain former defendants have been voluntarily dismissed [##44, 46] from this action.  Plaintiff brings the following claims against the remaining Defendants.  Plaintiff brings two claims against Defendants Chrysler and TD: (1) malicious prosecution and (2) a claim for violation of the Fair Credit Reporting Act ("FCRA").  *Complaint* [#3] ¶¶ 33-42.  Plaintiff brings one claim for violation of the FCRA against Defendant Equifax.  *Id.* ¶¶ 49-54.

In the pending Motion, Plaintiff seeks to file an Amended Complaint which adds factual allegations regarding Defendant TD and eliminates references to the former defendants.  *See generally proposed Amended Complaint* [#49-3].  Plaintiff argues that he learned the new factual allegations alleged in the proposed Amended Complaint during the Fed. R. Civ. P. 36(b)(6) deposition of Defendant TD.  *Motion* [#49] at 1.  Plaintiff avers that this newly discovered information establishes good cause for the requested amendment. *Id.* at 3.

In their Response, Defendants Chrysler and TD argue that Plaintiff's Motion should

---

removes or precludes a defense or claim from the case it may be dispositive.  *Cuenca v. Univ. of Kan.*, 205 F. Supp. 2d 1226, 1228 (D. Kan. 2002).  The instant Motion does not seek to preclude a defense or claim, therefore, for the purposes of resolving the present Motion, the Court assumes that the issue is nondispositive.

be denied under Fed. R. Civ. P. 16 as untimely.  *Response* [#54] at 1, 3-5.  Specifically, these Defendants argue that Plaintiff "knew the factual basis for the proposed allegations before he filed the Complaint, or, at the very least, by November 2014."  *Id.* at 4. Defendants Chrysler and TD state that Plaintiff "has known the content of [TD's] account history notes since November 2014 when they were produced to" him.  *Id.*  These Defendants argue that the "account notes serve as the sole basis for the proposed allegations to 'strengthen' Plaintiff's malicious prosecution claim."  *Id.*  These Defendants also maintain that the Motion should be denied under Fed. R. Civ. P. 15 because "the proposed amendments are unduly delayed and unduly prejudicial."  *Id.* at 5 (citations omitted).  Defendants argue that they will be prejudiced because allowing amendment would require them to engage in additional discovery, prepare a new defense based on the new legal theory, and distract them from focusing on their motion for summary judgment. *Id.* at 6.

In his Reply, Plaintiff argues that the new information he obtained at the deposition of Defendant TD's Rule 30(b)(6) representative shows that Defendant TD had a company policy to never mark accounts as disputed.  *Reply* [#55] at 1.  Specifically, Plaintiff states that "[a]lthough Plaintiff knew that [TD] did not mark the accounts as 'disputed' when he filed this lawsuit, [he] presumed this was merely inept.  However, at the deposition, [TD's] 30(b)(6) witness testified that the company policy was to never mark the account as disputed when responding to a dispute received from a credit reporting agency."  *Id.* (emphasis omitted).  Plaintiff avers that such a policy "would strongly support a claim for a *willful* violation of the FCRA, as opposed to a mere negligent violation of FCRA."  *Id.* at 2.  Plaintiff maintains that this is significant because "negligent noncompliance with the

FCRA subjects the furnisher to civil liability for actual damages and attorney['s] fees; whereas willful noncompliance subjects the furnisher to punitive damages[ ] and attorney[']s fees." *Id.* (citing 15 U.S.C. §§ 1681o, 1681n).   Plaintiff further argues that it could not interpret the account notes, which "are filled with abbreviations, codes, and other internal statements that only [TD] knows," until the deposition.   *Id.* at 2-3.   Plaintiff states that he deposed two different employees of Defendant TD both of whom testified that they "didn't understand what the account notes meant," *id.* at 3, and that Defendant TD's Rule 30(b)(6) "witness testified that she didn't even understand certain portions of [TD's] account notes, and that she would have to ask another department."   *Id.*   Finally, with regard to Defendants' argument that they will be prejudiced because they will have to conduct additional discovery, Plaintiff maintains that Defendants fail to articulate what discovery would be needed, that the amendments do not "substantially change the case," and that Plaintiff does not object to allowing additional discovery if it is needed.   *Id.*

## II.  Analysis

As a preliminary matter, the Court must first determine whether the movant has filed his Motion within the deadline prescribed by the Scheduling Order, and if not, whether the movant has established good cause under Fed. R. Civ. P. 16 for his failure to timely do so. *Gorsuch, Ltd. B.C. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1241 (10th Cir. 2014) ("We now hold that parties seeking to amend their complaints after a scheduling order deadline must establish good cause for doing so.").  If good cause is shown, the Court then considers any arguments raised by the parties under Fed. R. Civ. P. 15 related to whether justice would be served by amendment.   Specifically, the Court should grant leave to amend "freely . . . when justice so requires."  Fed. R. Civ. P. 15(a)(2).  Leave to amend

need not be given, however, when the moving party unduly delayed, failed to amend despite ample opportunity to do so, the nonmoving party would be unduly prejudiced, or amendment would be futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962). This two-step analysis has been explained as follows:

> Rule 16(b)[(4)]'s good cause standard is much different [from] the more lenient standard contained in Rule 15(a). Rule 16(b)[(4)] does not focus on the bad faith of the movant, or the prejudice to the opposing party. Rather, it focuses on the diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment. Properly construed, good cause means that the scheduling deadlines cannot be met despite a party's diligent efforts. In other words, this Court may modify the schedule on a showing of good cause if [the deadline] cannot be met despite the diligence of the party seeking the extension.

*Pumpco, Inc. v. Schenker Int'l. Inc.*, 204 F.R.D. 667, 668 (D. Colo. 2001) (quotation marks and citations omitted); *accord Dilmar Oil Co., Inc. v. Federated Mut. Ins. Co.*, 986 F. Supp. 959, 980 (D.S.C. 1997), *aff'd*, 129 F.3d 116 (4th Cir. 1997) ("Rule 16(b)[(4)]'s 'good cause' standard is much different [from] the more lenient standard contained in Rule 15(a). . . . Properly construed, 'good cause' means that scheduling deadlines cannot be met despite a party's diligent efforts. . . ."). If a party fails to show good cause under Rule 16(b)(4), there is no need for the Court to move on to the second step of the analysis, *i.e.*, whether that party has satisfied the requirements of Rule 15(a). *Nicastle*, 2011 WL 1465586, at *3. The Court addresses each step in turn.

## A.    Fed. R. Civ. P. 16(b)(4)

In this case, the deadline for joinder of parties and amendment of pleadings was November 6, 2014. *Sched. Ord.* [#41] § 9(a). The present Motion was filed on May 29, 2015, and, therefore, is untimely. Accordingly, Plaintiff must show good cause for his failure to timely move to amend pursuant to Fed. R. Civ. P. 16(b)(4) (a Scheduling Order

5

deadline "may be modified only for good cause and with the judge's consent."). To do this,

Plaintiff must "show that [he was] diligent in attempting to meet the [pleading amendment]

deadline[ ]," and this standard can be met by the provision of "an adequate explanation for

any delay." *Minter*, 451 F3d at 1205 n.4 (explaining that lateness itself does not justify

denial of a motion to amend, but "undue" lateness does). "While rigid adherence to the

pretrial scheduling order is not advisable," *SIL-FIO v. SFHC, Inc.*, 917 F.2d 1507, 1519

(10th Cir. 1990), the pleading amendment deadline requires that parties conduct discovery

efficiently and promptly in order to timely comply. *See Granite Southlands Town Center*

*LLC v. Alberta Town Center, LLC*, No. 09-cv-00799-ZLW-KLM, 2010 WL 2635524, at *2

(D. Colo. June 8, 2010) (noting that "deadlines to amend a party's pleading are set at the

outset of the case to require [parties] to prioritize their discovery and attempt to obtain

information that may be relevant to claim amendment sooner rather than later."); *Sanchez*

*v. City & Cnty. of Denver ex rel. Bd. of Water Comm'rs*, No. 07-cv-01805-MSK-BNB, 2007

WL 4557842, at *1 (D. Colo. Dec. 20, 2007) (unpublished decision) (noting that "the

purpose of the deadline to amend and add contained in the Scheduling Order is to force

the parties to make any known amendments immediately so that all discovery in the case,

including the earliest discovery, is taken with the claims and defenses as the parties expect

them to be"). However, "[t]he fact that a party first learns through discovery of information

which may lead to amendment of deadlines set forth in the Scheduling Order constitutes

good cause for such amendment pursuant to Rule 16(b)[(4)]." *Riggs v. Johnson*, No.

09-cv-01226-WYD-KLM, 2010 WL 1957110, at *3 (D. Colo. Apr. 27, 2010) (citing *Pumpco*,

204 F.R.D. at 668-69).

      Here, Plaintiff alleges that he learned of new information after the deadline for

6

amendment of pleadings.  Specifically, Plaintiff states that at the May 28, 2015 deposition of Defendant TD's Rule 30(b)(6) witness, Plaintiff first learned that Defendant TD had a policy of not marking accounts as disputed when responding to a dispute received from a credit reporting agency.  *Reply* [#55] at 1.  While Defendant states that the account notes were provided to Plaintiff in November 2014, *Response* [#54] at 1, Plaintiff maintains that he could not interpret the account notes until the deposition.  *Reply* [#55] at 1-3.  The Court finds this to constitute good cause.   If Defendant TD's employees have difficulty understanding and interpreting the account notes that it produced to Plaintiff, *Reply* [#55] at 3, Defendant TD cannot rely on the production of those documents to argue that Plaintiff "knew" about the policy in November 2014.  When a party learns new information after the amendment of pleadings deadline has passed, the newly-acquired information satisfies Rule 16's good cause requirement.  *See, e.g., Pumpco, Inc.*, 204 F.R.D. at 668-69 ("[t]he fact that a party first learns, through discovery or disclosures, information necessary for the assertion of a claim after the deadline to amend established in the scheduling order has expired constitutes good cause to extend that deadline."); *see also Lewis v. Denver Fire Dep't,* 09-cv-00004-PAB-MJW, 2010 WL 3873974, at *7-8 (D. Colo. Sept. 28, 2010) (good cause shown to amend complaint after the scheduling order's deadline where plaintiff first learned of new information through depositions).  Accordingly, Plaintiff has shown good cause pursuant to Rule 16(b)(4).

**B.      Fed. R. Civ. P. 15(a)(2)**

As noted above, pursuant to Fed. R. Civ. P. 15(a)(2), "[t]he court should freely give leave [to amend a pleading] when justice so requires."  "In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the

7

movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.—the leave sought should, as the rules require, be 'freely given.'" *Id.* (quoting Fed. R. Civ. P. 15(a)(2)).   Here, Defendants Chrysler and TD argue that the proposed amendment is prejudicial and unduly delayed.  *Response* [#54] at 5-6.

Prejudice to the opposing party is the single most important factor in deciding whether to allow leave to amend.  *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1207 (10th Cir. 2006).   Thus, an opposing party's failure to "argue [that it] face[s] any—let alone undue—prejudice" if the Court grants leave to amend the complaint "grievously weaken[s]" its opposition to amendment.  *Stender v. Cardwell*, No. 07-cv-02503-WJM-MJW, 2011 WL 1235414, at *3 (D. Colo. Apr. 1, 2011).  Here, these Defendants do not demonstrate any *undue* prejudice they will experience if Plaintiff is permitted to amend.  Defendants Chrysler and TD mention that they may need to conduct additional discovery and that the dispositive motions deadline is approaching.  *Response* [#54] at 6.  As Plaintiff argues, *Reply* [#55] at 3, it is unclear what, if any, additional discovery would be needed.  However, even if additional discovery is needed, at most, these Defendants would be mildly inconvenienced. Such inconvenience does not amount to "undue prejudice."  *See Western Capital Partners LLC v. First Am. Title Ins. Co.*, No. 14-cv-00454-WJM-KLM, 2014 WL 7251631, at *2 (D. Colo. Dec. 19, 2014).

Defendants Chrysler and TD next argue that Plaintiff unduly delayed amending his claims.  *Response* [#54] at 5-6.  These Defendants simply rely on the arguments they made under Rule 16's good cause standard.  *Id.* at 6.  The Court may deny a motion to amend based on undue delay.  *Minter*, 451 F.3d at 1205.  Delay is "undue" only if it will

8

place an unwarranted burden on the Court or become prejudicial to the opposing party. *Id.* The Tenth Circuit "focuses primarily on the reason for the delay." *Id.* A motion to amend is untimely if, among other reasons, the moving party has made the complaint a "moving target," is trying to "salvage a lost case by untimely suggesting new theories of recovery," is trying to present more theories to avoid dismissal, or is knowingly waiting until the eve of trial to assert new claims. *Id.* at 1206 (citations omitted). The Court may deny leave to amend if the movant "knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint." *Pallottino v. City of Rio Rancho*, 31 F.3d 1023,1027 (10th Cir. 1994). However, as discussed above, Plaintiff first learned what the notations in the account notes meant at the Rule 30(b)(6) deposition of Defendant TD. That deposition was conducted on May 28, 2015, *Reply* [#55] at 2, and the Motion was filed on May 29, 2015. Filing the Motion the day after learning new information that forms the basis for the proposed amendments does not constitute undue delay. Accordingly, the Court finds that pursuant to Rule 15(a)(2), Plaintiff should be granted leave to amend his Complaint.

### III. Conclusion

Accordingly, for the reasons stated above,

IT IS HEREBY **ORDERED** that the Motion [#49] is **GRANTED**.

IT IS FURTHER **ORDERED** that the Clerk of the Court shall accept Plaintiff's Amended Complaint [#49-3] for filing as of the date of this Order.

IT IS FURTHER **ORDERED** that Defendants shall answer or otherwise respond

to the Amended Complaint in accordance with Fed. R. Civ. P. 15(a)(3).

Dated:  July 23, 2015

BY THE COURT:

Kristen L.  Mix
United States Magistrate Judge